IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| YAQUN WU<br>17074 Colima Rd, #307<br>Hacienda Heights, CA 91745<br><br>AND<br><br>LAWRENCE WONG<br>15219 Bernard Court<br>Hacienda Heights, CA 91745<br><br>    Plaintiffs,<br><br>    v.<br><br>KEK TRUCKING, INC.<br>227 Ray Road<br>Spring Lake, NC 28390<br><br>    Registered Agent:<br>    Willie R. King<br>    264 Battery Way<br>    Bunnlevel, NC 28323-1202<br><br>AND<br><br>MICHAEL EDWARD DUNN<br>8925 Walkerton Drive<br>Lanham, MD 20706<br><br>    Defendants. | C. A. NO.: _____<br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiffs, by and through undersigned counsel, and for their Complaint, states as follows:

**JURISDICTION AND VENUE**

1. The Court has original jurisdiction over the matter complained of herein pursuant to 28 U.S.C. § 1332.

2. The Court has personal jurisdiction over the Defendant because the incident which is the subject of this Complaint occurred in the District of Columbia. The parties are diverse and the amount in controversy exceeds $75,000. Venue is therefore proper within the jurisdiction of the United States District Court for the District of Columbia.

**PARTIES**

3. Plaintiff **Yaqun Wu ("Ms. Wu")** is a citizen of the State of California and was the person into whom Defendant Dunn crashed into.  At the time of the loss, Ms. Wu was the driver of a commercial tractor trailer vehicle.

4. Plaintiff **Lawrence Wong** ("**Mr. Wong**") is a citizen of the State of California and was the person into whom Defendant Dunn crashed into.  At the time of the loss, Mr. Wong was a passenger in Ms. Wu's vehicle.

5. Defendant KEK Trucking **("Defendant KEK")** is a for-profit trucking transportation enterprise whose principal place of business is in North Carolina.

6. Defendant Dunn (**"Defendant Dunn"**) is a driver for KEK Trucking at the time of the loss and was behind the wheel of the semi tractor-trailer that crashed into the rear of Plaintiffs.  Defendant Dunn is a citizen of the State of Maryland.

**SUMMARY OF THE CASE**

7. This case involves the negligent action of Defendant Dunn in his failure to observe traffic and to keep a safe distance between his vehicle and the vehicle occupied by Plaintiffs. Defendant Dunn violently crashed into the rear of the vehicle Plaintiffs were

occupying and injured Plaintiff 's Wu and Wong on October 9, 2019 on Interstate 295 in Washington, DC.

8. Now, Plaintiffs bring this claim to recover the harms, losses and pain and suffering damages caused by Defendant's negligence.

## FACTUAL BACKGROUND

9. On October 9, 2019, Plaintiffs occupied a semi-tractor trailer and were heading north on Interstate 295 in Washington, DC.

10. While on Interstate 295, traffic was very heavy with the vehicles moving in a "stop and go" fashion.

11. While Plaintiffs were stopped, they were slammed into by Defendant Dunn, who was driving a 18 wheel semi-tractor trailer. Defendant Dunn's semi-truck slammed into the left rear side of Plaintiff's vehicle.

12. The force of the impact was so severe that it caused Plaintiffs to be jolted forward and back extremely fast.

13. Plaintiffs were shocked and confused and did not know why they had been hit.

14. Plaintiffs began to feel pain manifest itself all throughout their body.

15. Even Defendant's vehicle sustained serious impact as immediately after the impact.

16. Mr. Wong and Ms. Wu sought healthcare after the car crash.

17. Mr. Wong sought healthcare for neck pain, low back pain, upper and lower extremity pain, fatigue and excessive sweating of both hands.

18. Mr. Wong's pain was so severe that he underwent cervical spine surgery on June 17, 2020 as a result of the crash.

19. Ms. Wu has sought treatment for low back pain, neck pain, and mid back pain.

20. Since the crash, Mr. Wong and Ms. Wu have suffered significant bodily pain and suffering.

21. Defendant Dunn's negligence and failure to follow traffic rules and regulations are a direct and proximate cause of Mr. Wong and Ms. Wu's pain and suffering, losses and damages.

22. Plaintiff's plead *respondeat superior* against Defendant KEK as the employer of Defendant Dunn.

## COUNT 1
## NEGLIGENCE

23. Plaintiff incorporates by reference allegations in the preceding paragraphs of the Complaint as if fully stated herein.

24. At all times relevant herein, Defendant Dunn had a solemn duty to obey all traffic laws and to keep a safe distance from his vehicle and Plaintiffs.

25. Defendant Dunn breached his duty of care by failing to obey basic traffic laws and failing to keep a safe distance from his vehicle and Plaintiffs.

26. As a direct and proximate cause of Defendant Dunn's breach of his duty of care to Plaintiff, Plaintiffs have sustained bodily injuries and have suffered other losses and damages to no fault of their own.

**WHEREFORE**, Plaintiffs demand judgment against Defendants jointly and severally, as follows:

A. Compensatory damages in an amount in excess of $350,000.00 to be proven at trial for Plaintiff Lawrence Wong

B.　Compensatory damages in an amount in excess of $75,000 to be proven at trial for Plaintiff Yaqun Wu;

C.　Consequential and incidental damages against Defendant in an amount to be proven at trial;

D.　Litigation costs and post-judgment interest; and

E.　Such other relief as this Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

BOND LAW, PLLC

By:_____
Johnnie D. Bond, Jr. (Bar# 485488)
3221 M Street, NW
Washington, D.C. 20007
Telephone: (202) 683-6803
Facsimile: (202) 478-2252
*Attorneys for Plaintiff*